# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

JAMES TAYLOR, III,

    *Plaintiff*,

v.

RICHARD SNYDER and
KRISTIE ETUE,

    *Defendant*.

_____/

CASE NO. 1:16-cv-14445

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

# REPORT AND RECOMMENDATION TO DISMISS
# PURSUANT TO FED. R. CIV. P. 41(b)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that this matter be **DISMISSED** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## II.    REPORT

Plaintiff James Taylor, III ("Plaintiff")—who proceeds *pro se* and *in forma pauperis*—filed this § 1983 lawsuit on December 21, 2016, against Defendants Richard Snyder and Kristie Etue ("Defendants"). (Doc. 1). After his conviction for Criminal Sexual Conduct in the Second Degree, he "was first subjected to the Sex Offender Registration Act [("SORA")] on September 12, 2008," fourteen years "after [it] had begun in 1994 as a non-public registry maintained solely for law enforcement use, . . . ." (Doc. 1 at 4). Since its genesis, Plaintiff suggests that it "has grown into a byzantine code governing in minute

1

detail the lives of the state's sex offenders, . . ." (*Id.*). As of 2011, amendments to SORA have subjected Plaintiff "to constant supervision; required [him] to report frequently in person; banned [him] from living or working in many areas; restricted [him] as to when he [could] travel; limited his rights to free speech; hindered [him] from maintaining normal family relationships; identified [him] publicly and falsely as dangerous; and subjected [him] to a vast array of state-imposed restrictions that encompass virtually every facet of his life." (Doc. 1 at 5). Ultimately, he contends the retroactive requirement that he comply with SORA for 25 years or face criminal sanctions "violates the constitutional prohibition on ex post facto laws," violates his "fundamental rights to travel, work, speak, and raise his children," and "also violates the Due Process Clause, because many provisions of SORA 2011 are void for vagueness." (Doc. 1 at 6). In making this argument, he discusses case law from around the country, and draws heavily from language in *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016), *reh'g denied* (Sept. 15, 2016), which held, among other things, that:

> Michigan's SORA imposes punishment. And while many (certainly not all) sex offenses involve abominable, almost unspeakable, conduct that deserves severe legal penalties, punishment may never be retroactively imposed or increased. Indeed, the fact that sex offenders are so widely feared and disdained by the general public implicates the core counter-majoritarian principle embodied in the Ex Post Facto clause. As the founders rightly perceived, as dangerous as it may be not to punish someone, it is far more dangerous to permit the government under the guise of civil regulation to punish people without prior notice. . . . The retroactive application of SORA's 2006 and 2011 amendments to Plaintiffs is unconstitutional, and it must therefore cease.

*Id.* at 705-06; (Doc. 1 at 17-18). He prays for relief in the form of: (1) a declaratory judgment that the retroactive application of SORA 2011 violates the Constitution's prohibition on ex post facto laws; (2) a permanent injunction restraining Defendants from enforcing SORA; and (3) nominal damages. (Doc. 1 at 1, 18).

In June 2017, Defendants filed a Motion To Dismiss, (Doc. 15), and the undersigned issued a Report and Recommendation urging this Court to grant the motion as to his claims for damages against Defendants in their official capacities, and otherwise to deny the motion, (Doc. 18). This Report and Recommendation was adopted on August 30, 2017. (Doc. 19). Thereafter, this Court issued an Order requiring Plaintiff to meet and confer with Defendants no later than September 22, 2017, and further setting a date for an initial Federal Rule of Civil Procedure 16 conference on October 16, 2017. (Doc. 22). Plaintiff failed to meet and confer with Defendants by the September date and later failed to appear in the October pretrial telephonic conference. Instead, he filed a Motion for Extension of Time To Comply with Order Requiring Rule 26(f) Meeting and Setting Date for Initial Rule 16 Conference on October 16, 2017. (Doc. 23). In that Motion, he appeared to suggest that he missed the appointments because notice thereof was sent after he had changed his address, and arrived at his present address only after the deadline elapsed. (Doc. 23 at 2). I construed that Motion as a preemptive attempt to show cause for failure to prosecute, reminded him that Local Rule 11.2 imposes on him a duty to "promptly . . . file [with the Clerk] and serve [on all parties] a notice with the new contact information," and granted him another opportunity to comply with LR 11.2. (Doc. 25). I also granted a "one-time extension to complete the process of meeting and conferring with defendants to establish a

3

proposed discovery plan," and warned him that failure to confer with defendants could result in dismissal under LR 41(b). (*Id.* at 3-4). In abundant caution, this Order was sent to both his address of record and his address as alleged in his Motion. Yet Plaintiff nonetheless failed to confer with Defendants or appear for the scheduling conference, and this Court issued an Order To Show Cause Why This Case Should Not Be Dismissed for Failure To Prosecute. (Doc. 27). A response was due by December 12, 2017, but Plaintiff has not yet responded.

Federal courts may *sua sponte* dismiss a complaint where the plaintiff fails to prosecute or comply with the court's orders under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*.

The Sixth Circuit is guided by four factors in determining whether a case should be dismissed for want of prosecution pursuant to Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted). In this case, the factors counsel dismissal. First, Plaintiff's failure to comply with his duties and the Court's orders appears to result from willfulness. Though not represented by counsel, Plaintiff declined to comply with LR 11.2 after express warning from this Court, and further failed to meet and confer with Defendants—or respond in any way to several

4

notices and filings sent to him since November 2017—all of which suggests that Plaintiff has voluntarily chosen to abandon this suit. (Docs. 24-28). Second, Defendants have undoubtedly been prejudiced by Plaintiff's abandonment of the case, as Defendants have incurred legal costs through continued legal representation in this matter, which would have been unnecessary but for Plaintiff's dilatory actions. Third, Plaintiff was warned in the Court's Order and Amended Order addressing his Motion for Extension of Time, (Docs. 23-24), that refusal to comply could result in dismissal, and was again warned on November 28, 2017, (Doc. 27), that failure to show cause may result in dismissal. Finally, although the Court has not yet imposed less severe sanctions, it has (until this juncture) afforded Plaintiff considerable leniency in the litigation of this suit, and as such is not obligated preserve his claims. *Accord, e.g.*, *Funk v. Comm'r of Soc. Sec.*, No. 10-CV-14865, 2011 WL 2470999, at *1 (E.D. Mich. June 1, 2011), *report and recommendation adopted,* No. 10-14865, 2011 WL 2470983 (E.D. Mich. June 22, 2011) (collecting cases). In sum, the factor analysis counsels dismissal. Having repeatedly failed to comply with his duties in this matter, and having been warned that continued dilatory tactics would result in dismissal, the Court finds that the only appropriate remedy is to dismiss this action.

**III.** **REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections

constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Date: January 2, 2018                                                      S/ PATRICIA T. MORRIS
                                                                                                       Patricia T. Morris
                                                                                                       United States Magistrate Judge


## **CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to James Taylor, III at 3234 Ramond St., Saginaw, MI 48601 and at 1807 Delaware Street, Saginaw, MI 48602.

Date: January 2, 2018                                                      By s/Kristen Castaneda
                                                                                                       Case Manager