UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES TAYLOR, III,

    *Plaintiff*,   CASE NO. 1:16-cv-14445

v.   DISTRICT JUDGE THOMAS L. LUDINGTON
    MAGISTRATE JUDGE PATRICIA T. MORRIS

RICHARD SNYDER,
and KRISTE ETUE,

    *Defendants*.
_____/

## REPORT AND RECOMMENDATION ON MOTIONS FOR SUMMARY JUDGMENT (R. 40, 43)

### I.  RECOMMENDATION

For the reasons that follow, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment (R.40) be **GRANTED IN PART** as to the retroactive application of SORA's 2006 and 2011 Amendments, that Defendant's Motion for Summary Judgment (R.43) be **GRANTED IN PART**, that relief be granted Plaintiff in accordance with the analysis set forth below, and that the remainder of Plaintiff's Complaint be **DISMISSED**.

### II.  REPORT

Plaintiff James Taylor, III ("Plaintiff")—who proceeds *pro se* and *in forma pauperis*—filed this § 1983 lawsuit on December 21, 2016, against Defendants Richard Snyder and Kriste K. Etue ("Defendants"). (R.1). In it, he admits to a 2008 prior criminal sexual conduct – second degree conviction in violation of M.C.L. 750.520C. (R.1 at

PageID.4.) As a result of this conviction, and since the offense was actually committed in 2005, he must comply with Michigan's Sex Offender Registration Act ("SORA"), M.C.L. § 28.723, *et seq*. He seeks a declaration that the Act, specifically, the retroactive application of the 2006 and 2011 amendments, is unconstitutional as applied to him, and he wants this Court to enjoin Defendants from enforcing it against him. (R.1 at PageID.18). *See generally* M.C.L. § 28.723, *et seq*.; Mich. Pub. Acts 121, 127 (2005) (the 2006 amendments); Mich. Pub. Acts. 17, 18 (2011) (the 2011 amendments) Defendant filed a Response and Cross-Motion for Summary Judgment on August 1, 2018. R.43.) Accordingly, this case is ripe for report and recommendation.

In making his argument, Plaintiff draws heavily on the Sixth Circuit's opinion in *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016), *reh'g denied* (Sept. 15, 2016), which held, among other things, that:

> Michigan's SORA imposes punishment. . . . [T]he fact that sex offenders are so widely feared and disdained by the general public implicates the core counter-majoritarian principle embodied in the Ex Post Facto clause. . . . The retroactive application of SORA's 2006 and 2011 amendments to Plaintiffs is unconstitutional, and it must therefore cease.

*Id.* at 705-06. (R.1, 40). Defendants concede that "the Sixth Circuit opinion is binding precedent and Defendants would agree that the 2006 and 2011 amendment to SORA cannot be applied to Plaintiff at this time." (R.43 at PageID.217.)

For these reasons, I conclude that Plaintiff's Motion for Summary Judgment (R.43) be **GRANTED IN PART** as to the retroactive application of SORA's 2006 and 2011 Amendments, that Defendants should be enjoined from enforcing the same against Plaintiff, and that Defendant's Motion for Summary Judgment (R. 43) be **GRANTED IN**

2

**PART**, such that Plaintiff's relief be granted with Defendant's caution that the judgment in this case should clarify that Plaintiff must still comply with other requirements under SORA but that Plaintiff would not be subject to any requirements contained exclusively in the 2006 and 2011 amendments.

### III.   REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140, 155; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. Willis v. Sec'y of Health & Human Servs., 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ.

P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  October 22, 2018                     S/ PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to James Taylor, III at 1807 Delaware Street, Saginaw, MI 48602.

Date: October 22, 2018                      By s/Kristen Castaneda
                                            Case Manager

4