UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES TAYLOR, III,

           Plaintiff,                      Case No. 16-cv-14445

v.                                                 Honorable Thomas L. Ludington
                                                  Magistrate Judge Patricia T. Morris

RICHARD SNYDER and KRISTIE ETUE,

           Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING THE REMAINDER OF PLAINTIFF'S COMPLAINT**

On December 21, 2016, Plaintiff James Taylor, III, filed a complaint naming Richard Synder, the Governor of Michigan, and Kristie Etue, director of the Michigan State Police, as Defendants. ECF No. 1. Taylor is challenging his placement on the Michigan Sex Offender Registry. He argues that the Michigan Sex Offender Registration Act ("SORA") is illegal as applied to him, specifically the retroactive application of its 2006 and 2011 amendments. *Id.* at 18. All pretrial matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 4.

On June 27, 2018, Taylor filed a motion for summary judgment. ECF No. 40. In it, Taylor cited to *Does #1-5 v. Snyder* in which the Sixth Circuit determined that the retroactive application of SORA's 2006 and 2011 amendments was unconstitutional. *Does #1-5 v. Snyder*, 834 F.3d 696, 706 (6th Cir. 2016) ("The retroactive application of SORA's 2006 and 2011 amendments to Plaintiffs is unconstitutional, and it must therefore cease.").

On August 1, 2018, Defendants filed a response and a cross-motion for summary judgment. ECF No. 43. They stated that "the Sixth Circuit opinion is binding precedent and Defendants would

agree that the 2006 and 2011 amendment to SORA cannot be applied to Plaintiff at this time." ECF No. 43 at 7. However, Defendants argued that "SORA's remaining provisions remain valid and enforceable against Plaintiff." *Id.*

On October 22, 108, Judge Morris issued a report recommending that Taylor's motion for summary judgment be granted in part, that Defendants' motion for summary judgment be granted in part, and that the remainder of Taylor's complaint be dismissed. ECF No. 44. Although Judge Morris's report explicitly stated that the parties to this action may object to and seek review of the recommendation within fourteen days of service of the report, neither Plaintiff nor Defendant filed any objections. The election not to file objections to the Magistrate Judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The failure to file objections to the report and recommendation waives any further right to appeal.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation, ECF No. 44, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 40, is **GRANTED IN PART** as to the retroactive application of SORA's 2006 and 2011 amendments and that Defendants are enjoined from enforcing the same against Plaintiff.

It is further **ORDERED** that Defendant's motion for summary judgment, ECF No. 43, is **GRANTED IN PART** such that Plaintiff's relief be granted, but that he still be subject to SORA's other requirements.

It is further **ORDERED** that the remainder of Plaintiff's complaint, ECF No. 1, be dismissed.

Dated: January 23, 2019  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney by electronic means and James Taylor, III at 1807 Deleware Street, Saginaw, MI 48602 by first class U.S. mail on January 23, 2019.

                                       s/Kelly Winslow
                                       KELLY WINSLOW, Case Manager